UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

DARIUS JENNINGS,

    Petitioner,

v.                                      Case No. 11-C-0390

WARDEN JOHN PAQUIN,

    Respondent.

ORDER DENYING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (DOC. # 2) AND SCREENING PETITION FOR WRIT OF HABEAS CORPUS

On April 22, 2011, Darius Jennings, filed a petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the United States Constitution. Jennings submits that he was convicted following a jury trial in the Milwaukee County Circuit Court of five counts of second degree sexual assault. The petition asserts that he was sentenced to 30 years incarceration on September 23, 1994, and is incarcerated at the Sturtevant Correctional Institution.

Accompanying Jennings's petition is a request to proceed *in forma pauperis.* Under Rule 3 of the Rules Governing § 2254 Cases, a petitioner is required to file an affidavit of indigence as required by § 1915. Jennings submitted this affidavit on April 22, 2011, but did not provide his Prisoner Trust Account Statement. However, on April 25, 2011, he paid the $5 filing fee. Because Jennings paid the filing fee, his request to proceed in forma pauperis is denied as moot.

Initially, the court must consider the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Generally, the court reviews whether the petitioner has set forth cognizable constitutional or federal law claims and has exhausted available state remedies.

It appears that Jennings asserts one ground for relief, which is ineffective assistance of counsel. He asserts his appellate counsel was ineffective for abandoning him to prosecute his direct appeal on his own and intentionally leading him to believe that he was not entitled to appointed appellate counsel. Jennings further contends that all proceedings subsequent to the appellate counsel's withdrawal are invalid because of his appellate counsel's ineffectiveness.

Unquestionably, Jennings's claim of ineffective assistance of counsel is a constitutional ground for habeas relief under *Strickland v. Washington*, 466 U.S. 668 (1984). However, at this stage of this proceeding the court is unable to determine whether this claim has merit, however, because the claim is a colorable constitutional issue, it should go forward.

An application for a writ of habeas corpus from a person in state custody shall not be granted unless it appears that (a) the petitioner has exhausted state remedies, or (b) there is no available state corrective process, or (c) circumstances exist that render such process ineffective to protect the petitioner's rights. 28 U.S.C. § 2254(b)(1). To exhaust a claim, the petitioner must provide the state courts with a full and fair opportunity to review his claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A specific claim

is not considered exhausted if the petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). This requires the petitioner to appeal adverse state court decisions all the way to the state supreme court when doing so is part of the ordinary appellate review procedure in that state. *O'Sullivan,* 526 U.S. at 847. The doctrine of exhaustion allows state courts the "initial opportunity to pass on and correct alleged violations of its prisoners' federal rights." *Wilwording v. Swenson*, 404 U.S. 249, 250 (1971) (internal quotation marks omitted).

Jennings asserts that he appealed his conviction, by direct appeal and post-conviction motions. He states that the Wisconsin Supreme Court affirmed the trial court on March 15, 1996. Jennings further asserts that he filed post-conviction motions to reinstate his appellate rights and claiming ineffective assistance of trial and appellate counsel, which were denied on December 7, 2010. Thus, on the face of the petition, it appears that he has exhausted his state remedies. Therefore,

IT IS ORDERED that the petition and affidavit to proceed without payment of fees and/or costs is denied as moot.

IT IS FURTHER ORDERED that within forty-five (45) days of the date of this order respondent must file an answer, motion, or other appropriate response to the petition.

An answer must comply with Rule 5 of the Rules Governing § 2254 Cases, and show cause, if any, why the writ should not issue. If respondent files an answer, petitioner shall have forty-five days from receipt of the answer to file a brief in support, respondent may file an opposition brief within forty-five days of receipt of petitioner's brief, and petitioner shall have thirty days within which to file a reply, if any.

-3-

If the respondent files a motion to dismiss, the motion must be accompanied by a brief in support and other relevant materials. The time for response by petitioner and reply by respondent shall be governed by this district's local rules.

Principal briefs may not exceed thirty pages; reply briefs may not exceed fifteen pages.

Pursuant to a Memorandum of Understanding between the Attorney General and this court, copies of the petition and this order are being sent today to the Attorney General for the State of Wisconsin for service upon the respondent.

Petitioner is advised that he must send copies of all future filings with the court to counsel for respondent. Until respondent files his or her answer, these copies should be mailed to the Attorney General for the State of Wisconsin, c/o Gregory M. Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.

Dated at Milwaukee, Wisconsin, this 27th day of April, 2011.

> BY THE COURT
>
> /s/ C. N. Clevert, Jr.
> C. N. CLEVERT, JR.
> CHIEF U.S. DISTRICT JUDGE