UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

DARIUS JENNINGS,

 Petitioner,

v.                Case No. 11-C-0390

WARDEN JOHN PAQUIN,

 Respondent.

DECISION AND ORDER DENYING MOTION FOR RECONSIDERATION
AND MOTION TO TRANSFER (DOC. 20)

On December 30, 2011, this court held that it lacked jurisdiction over Darius Jennings' motion for issuance of a writ of habeas corpus because it was a second or successive petition. Ten days later, Jennings filed a motion for reconsideration, or alternatively to transfer his case to the Seventh Circuit Court of Appeals.

There is no motion for reconsideration under the Federal Rules of Civil Procedure. However, such motions are filed routinely and are construed as motions to alter or amend pursuant to Federal Rule of Civil Procedure 59(e) or motions for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). *Lewis v. Terminal R.R. Ass'n*, 2005 U.S. Dist. LEXIS 20446 (S.D. Ill. Sept. 14, 2005). Rule 59(e) is applicable to motions filed no later than 28 days after the entry of judgment. By contrast, a motion under Rule 60(b) must be filed in a reasonable time after the entry of judgment. Fed. R. Civ. P. 60(c). Although Jennings' motion did not specify which rule he is relying upon, he moved for reconsideration within 28 days of entry of judgment, and therefore Rules 59(e) and 60(b) were available to him. Whether a motion should be analyzed under Rule 59(e) or 60(b)

depends on the substance of the request. *Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008).

A Rule 59(e) motion must establish a manifest error of law or fact, or alternatively it must present evidence that was newly discovered. *Bordelon v. Chicago Sch. Reform Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir. 2000). This court's December 30, 2011, order determined that Jennings' motion seeking a writ of habeas corpus was a second or successive petition because Jennings filed an earlier unsuccessful petition for habeas corpus relief. Consequently, in accordance with 28 U.S.C. § 2241(b)(3), the court ruled that it lacked jurisdiction to hear this case without prior authorization from the Seventh Circuit Court of Appeals.

In his motion for reconsideration, Jennings asserts that his present claims "are not the same issues in which the federal court affirmed," (Doc. 20 ¶ 2), thereby inferring that the dismissed petition was not second and successive. He also argues that "all constitutional claims properly went through each lower court to give this court proper jurisdiction, which does not constitute a successive petition." (Doc. 20 ¶ 2.) Nevertheless, Jennings presents no evidence establishing that the court misinterpreted the facts or misapplied the law, or evidence that was just uncovered. Therefore, this court finds that Jennings has not shown that he is entitled to relief pursuant to Rule 59(e).

Jennings further argues that the "court may hear successive habeas corpus claims without showing of cause and prejudice when required to do so by ends of justice - like . . . [his] case that ha[s] been dismissed due to it allegedly being the same case but not the same issues." This argument might implicate Rule 60(b)(6), a catch-all provision that authorizes courts to grant a party's post-judgment motion for "any other reason that justifies

2

relief." *Medrad, Inc. v. Sprite Dev.*, 2012 U.S. Dist. LEXIS 59513 (N.D. Ill. Apr. 30, 2012). In general, relief under Rule 60(b) is an extraordinary remedy and is granted only in exceptional circumstances. *Reinsurance Co. of Am., Inc. v. Administratia Asigurarilor de Stat*, 902 F.2d 1275, 1277 (7th Cir. 1990) (internal citation omitted). However, Jennings fails to present any evidence, ordinary or extraordinary, that would justify relief. He merely cites the *Ruiz v. Harris*, 71 F.3d 1404, 1409 (8th Cir. 1995), and *Washington v. Delo*, 51 F.3d 756, 760 (8th Cir. 1995), decisions that recognize that a petitioner has the burden of demonstrating that a fundamental miscarriage of justice would otherwise result if, in rare circumstances, a successive petition is not heard. Ordinarily, this requires a petitioner to establish that an external obstacle prevented him from presenting the current claims at the time of his earlier petition and that he sustained actual prejudice. But no such proof was offered here. Therefore, this court finds that Jennings has not met his burden and is not entitled to reconsideration under Rule 60(b).

As a final matter, Jennings asks this court to transfer the case to the Seventh Circuit Court of Appeals. To do so would be the functional equivalent of filing an appeal on Jennings' behalf, and this court has no authority to proceed in that matter. Now, therefore,

IT IS ORDERED that petitioner's motion for reconsideration is denied.

IT IS FURTHER ORDERED that petitioner's motion to transfer is denied.

Dated at Milwaukee, Wisconsin, this 29th day of June, 2012.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U. S. DISTRICT JUDGE